UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

**ISLAND MARITIME SERVICES, INC.**
**and EDWARD K. HANSEN,**

      **Plaintiffs,**

vs.                                              CASE NO.:  1:10-cv-23597

**BOSKALIS WESTMINSTER ST. LUCIA LTD.,**
**BOSKALIS WESTMINSTER INTERNATIONAL B.V.**
**and BOSKALIS WESTMINSTER MIDDLE EAST LTD.,**

      **Defendants.**

_____/

## COMPLAINT

Plaintiffs, ISLAND MARITIME SERVICES, INC. and EDWARD K. HANSEN (collectively "Plaintiffs"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby sue BOSKALIS WESTMINSTER ST. LUCIA LTD., BOSKALIS WESTMINSTER INTERNATIONAL B.V., and BOSKALIS WESTMINSTER MIDDLE EAST LTD. (collectively "Defendants"), and allege as follows:

### JURISDICTION AND VENUE

1. This Complaint sets forth an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure.

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1333.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and pursuant to agreement of the parties as discussed below.

4. This Court has personal jurisdiction over Defendants by virtue of the parties' agreement discussed below.

5. This matter is substantially related to an action currently pending before the Honorable Virginia M. Hernandez Covington, United States District Judge, in the United States District Court for the Middle District of Florida, Tampa Division, and styled as *In the Matter of: The Complaint of Island Maritime Services, Inc., as Owner, and Edward K. Hansen, as Owner Pro Hac Vice, of the Tug BETTY, Its Engines, Tackle, Appurtenances, Equipment, Etc., In a Cause of Exoneration from or Limitation of Liability*, Case No.: 8:10-cv-01632-VMC–TGW.

6. All conditions precedent to the initiation and prosecution of this lawsuit have been performed, have occurred or have been waived.

**PARTIES**

7. Plaintiff Island Maritime Services, Inc. ("Island Maritime") is a Florida Corporation with its principal place of business in Sunrise, Florida.

8. Plaintiff Edward K. Hansen ("E. Hansen") is an individual and an officer and owner of Island Maritime who resides permanently in Honduras.

9. Defendant Boskalis Westminster St. Lucia Ltd. ("Boskalis St. Lucia") is a foreign limited company organized and existing pursuant to the laws of St. Lucia, West Indies. Boskalis St. Lucia is believed to maintain its principal place of business at: 48 Constant Spring Road, Kingston 10, Jamaica, West Indies.

10. Defendant Boskalis Westminster International B.V. ("Boskalis International") is believed to be a foreign limited liability company organized and existing pursuant to the laws of The Netherlands. Boskalis International is believed to maintain its principal place of business at Rosmolenweg 20, 3350 AA Papendrecht, The Netherlands.

11. Defendant Boskalis Westminster Middle East Ltd. ("Boskalis Middle East") is a foreign limited company, believed to be organized and existing pursuant to the laws of Cyprus. Boskalis Middle East is believed to maintain its principal place of business at: 19th floor, Al Mansoor Tower, Al Salam Street, Abu Dhabi, United Arab Emirates.

**OPERATIVE FACTS**

12. On or about January 12, 2010, Island Maritime and Boskalis St. Lucia entered into a "BIMCO 'Towhire' International Ocean Towage Agreement (Daily Hire)" (attached hereto as **"Exhibit A"**) ("Agreement"),[1] wherein Island Maritime agreed to tow a 600-meter length of dredge pipe owned by Boskalis International and/or Boskalis Middle East, from Nassau, The Bahamas to Falmouth, Jamaica using Island Maritime's tug *BETTY*.

13. Upon information and belief, Boskalis St. Lucia entered into the Agreement as the actual or apparent agent of Defendants Boskalis International and/or Boskalis Middle East. Further, Boskalis St. Lucia expressly warranted in paragraph 22 of the Agreement that it entered into the Agreement for and on behalf of Defendants Boskalis International and Boskalis Middle East and that Defendants Boskalis International and Boskalis Middle East are bound by the terms of the Agreement.

14. The Agreement provides: "This Agreement shall be construed in accordance with and governed by USA Law. Any dispute or difference which may arise out of or in connection with this Agreement or the services to be performed hereunder shall be referred to the US Court of Justice in Miami, FL. No suit shall be brought in any other state or jurisdiction . . . ." Agreement at 6.

15. Thus, Defendants have consented to personal jurisdiction and suit in this forum.

---

[1] Plaintiffs' are not in possession of a signed/executed copy of the Agreement. However, upon information and belief, Boskalis St. Lucia executed the Agreement and is bound by its terms.

3

16. On or about January 25, 2010, at approximately 3:39AM, in clear conditions and calm seas, the tow of dredge pipe sank, causing the tug *BETTY* to lean hard to starboard, which ultimately caused the tug to sink and be lost.

17. The *BETTY's* crew was forced to abandon ship and take refuge in a liferaft until they were rescued by the United States Coast Guard.

18. One of the tug's crew, Bobby Ray Sprott, was missing following the sinking and is presumed to be deceased. The personal representative of Bobby Ray Sprott's estate has asserted a claim for wrongful death against Plaintiffs.

19. Another crewman, Albert Hansen, allegedly injured his ankle/foot on the same voyage. Albert Hansen has asserted a claim for personal injury against Plaintiffs.

20. A cargo of fuel oil, owned by Total Ventures, LLC, was lost when the *BETTY* sank. Total Ventures, LLC has asserted claims for property loss, *inter alia*, against Plaintiffs.

21. Plaintiffs have retained the undersigned law firm to represent them in this matter and have agreed to pay the undersigned firm attorneys' fees and costs in the prosecution of this matter.

## COUNT I – BREACH OF THE TOWAGE CONTRACT

Plaintiffs reallege and incorporate by reference the allegations contained within paragraphs 1 through 21 as if fully set forth herein.

22. As alleged herein, the Agreement is a valid contract of towage between Island Maritime and Defendants.

23. Defendants breached the Agreement because the tow of dredge pipe was, in fact, unseaworthy and because Defendants failed to use due diligence to ensure that the tow, at or before the commencement of the voyage, was seaworthy and fit to be towed from the place of

departure to the place of destination.

24. As a direct and proximate result of the aforementioned breaches, the tug *BETTY* sank and Plaintiffs have suffered damages therefrom.

WHEREFORE, Plaintiffs, ISLAND MARITIME SERVICES, INC. and EDWARD K. HANSEN, demand judgment in their favor and against Defendants BOSKALIS WESTMINSTER ST. LUCIA LTD., BOSKALIS WESTMINSTER INTERNATIONAL B.V. and BOSKALIS WESTMINSTER MIDDLE EAST LTD., jointly and severally, in the amount of their damages arising from the sinking of the tug *BETTY*, including costs, attorneys' fees, and pre-and post-judgment interest as may be just under the circumstances.

## COUNT II – BREACH OF THE IMPLIED WARRANTY AND ABSOLUTE DUTY OF SEAWORTHINESS

Plaintiffs reallege and incorporate by reference the allegations contained within paragraphs 1 through 21 as if fully set forth herein.

25. Since the tow of dredge pipe sank in calm weather and seas, it is presumed to have been unseaworthy and unreasonably fit for the voyage.

26. Defendants impliedly warranted that the tow would be seaworthy and sufficiently staunch to withstand the pressures ordinarily accompanying such a voyage.

27. Defendants also owed Plaintiffs an absolute duty to provide a seaworthy tow for the entire voyage.

28. Defendants breached both their implied warranty of seaworthiness and absolute duty of seaworthiness under the General Maritime Law because the tow was in fact unseaworthy and sank in calm weather.

29. As a direct and proximate result of the aforementioned breaches, the tug *BETTY* sank and Plaintiffs have suffered damages therefrom.

WHEREFORE, Plaintiffs, ISLAND MARITIME SERVICES, INC. and EDWARD K. HANSEN, demand judgment in their favor and against Defendants BOSKALIS WESTMINSTER ST. LUCIA LTD., BOSKALIS WESTMINSTER INTERNATIONAL B.V. and BOSKALIS WESTMINSTER MIDDLE EAST LTD., jointly and severally, in the amount of their damages arising from the sinking of the tug *BETTY*, including costs, attorneys' fees, and pre-and post-judgment interest as may be just under the circumstances.

## COUNT III – NEGLIGENCE

Plaintiffs reallege and incorporate by reference the allegations contained within paragraphs 1 through 21 as if fully set forth herein.

30. Defendants owed Plaintiff's a duty to exercise reasonable care in the inspection, preparation and maintenance of its dredge pipe in order to ensure the tow was seaworthy and in all respects fit for the voyage from The Bahamas to Jamaica.

31. Defendants breached this duty by:

   a. Failing to properly inspect the tow at or prior to the commencement of the voyage;

   b. Failing to properly maintain the tow in a seaworthy state at and prior to the commencement of the voyage; and

   c. Failing to properly prepare the tow at or prior to the commencement of the voyage

32. As a direct and proximate result of the aforementioned breaches, the tug *BETTY* sank and Plaintiffs have suffered damages therefrom.

WHEREFORE, Plaintiffs, ISLAND MARITIME SERVICES, INC. and EDWARD K. HANSEN demand judgment in their favor and against Defendants BOSKALIS

WESTMINSTER ST. LUCIA LTD., BOSKALIS WESTMINSTER INTERNATIONAL B.V. and BOSKALIS WESTMINSTER MIDDLE EAST LTD., jointly and severally, in the amount of their damages arising from the sinking of the tug *BETTY*, including costs, attorneys' fees, and pre-and post-judgment interest as may be just under the circumstances.

### COUNT IV – CONTRACTUAL INDEMNIFICATION

Plaintiffs reallege and incorporate by reference the allegations contained within paragraphs 1 through 21 as if fully set forth herein.

33. The Agreement requires Defendants to indemnify Plaintiffs in respect of any liability to third-parties arising out of breach of the Agreement and the sinking of the *BETTY*.

34. As alleged herein, Defendants breached the Agreement because the tow of dredge pipe was, in fact, unseaworthy and because Defendants failed to use due diligence to ensure that the tow, at or before the commencement of the voyage, was seaworthy and fit to be towed from the place of departure to the place of destination.

35. As a direct and proximate result of Defendants' breach, Plaintiffs' have been exposed to potential liability to third-parties, namely Albert Hansen, the Estate of Bobby Ray Sprott and Total Ventures, LLC.

36. Plaintiffs are wholly without fault and their fault is solely vicarious of Defendants.

37. Defendants should therefore be required to indemnify Plaintiffs for any and all liability adjudged against them and for damages due and owing to Albert Hansen, the Estate of Bobby Ray Sprott and Total Ventures, LLC.

WHEREFORE, Plaintiffs, ISLAND MARITIME SERVICES, INC. and EDWARD K. HANSEN demand judgment in their favor and against Defendants BOSKALIS

WESTMINSTER ST. LUCIA LTD., BOSKALIS WESTMINSTER INTERNATIONAL B.V. and BOSKALIS WESTMINSTER MIDDLE EAST LTD., jointly and severally, in the amount of all damages, costs, attorneys' fees and pre- or post-judgment interest for which Plaintiffs may be liable to pay as a result of the sinking of the tug *BETTY*.

### COUNT V – COMMON LAW INDEMNIFICATION

Plaintiffs reallege and incorporate by reference the allegations contained within paragraphs 1 through 21 as if fully set forth herein.

38.  The tug *BETTY* sank solely due to the negligence of Defendants and/or the unseaworthiness of the dredge pipe.

39.  Any and all liability of Plaintiffs arising from the sinking of the tug *BETTY* is vicarious and was solely caused by the fault or neglect of Defendants, their employees, agents, servants, representatives and/or affiliates.

40.  Defendants are liable for the acts or omissions of their employees under the doctrine of respondeat superior.

41.  Plaintiffs are wholly without fault for the sinking of the tug *BETTY* and the resulting personal injury/death and property loss claims brought by third-parties to this action.

WHEREFORE, Plaintiffs, ISLAND MARITIME SERVICES, INC. and EDWARD K. HANSEN demand judgment in their favor and against Defendants BOSKALIS WESTMINSTER ST. LUCIA LTD., BOSKALIS WESTMINSTER INTERNATIONAL B.V. and BOSKALIS WESTMINSTER MIDDLE EAST LTD., jointly and severally, in the amount of all damages, costs, attorneys' fees and pre- or post-judgment interest for which Plaintiffs may be liable to pay as a result of the sinking of the tug *BETTY*.

## COUNT VI – CONTRIBUTION

Plaintiffs reallege and incorporate by reference the allegations contained within paragraphs 1 through 21 as if fully set forth herein.

42. Should Plaintiffs be found jointly or severally liable for the damages alleged by any third-party, as alleged herein, which they deny, and should Plaintiffs pay more than their pro rata share of the common liability, then Plaintiffs are entitled to contribution from Defendants.

43. Although they deny liability altogether, Plaintiffs allege that their pro rata share of liability, if any, shall in no event exceed the value of the tug *BETTY* and her pending freight at the termination of the voyage as provided in 46 U.S.C. § 30501 *et seq*.

WHEREFORE, Plaintiffs, ISLAND MARITIME SERVICES, INC. and EDWARD K. HANSEN demand judgment in their favor and against Defendants BOSKALIS WESTMINSTER ST. LUCIA LTD., BOSKALIS WESTMINSTER INTERNATIONAL B.V. and BOSKALIS WESTMINSTER MIDDLE EAST LTD. in the amount of all damages, costs, attorneys' fees, and pre- and post-judgment interest which exceeds Plaintiffs pro rata share of common liability, if any, and which Plaintiffs may be required to pay.

[SIGNATURE BLOCKS ON NEXT PAGE]

Dated October 7, 2010.            Respectfully submitted,

/s/ Michael J. Bradford
**ROBERT B. BIRTHISEL**
Florida Bar Number: 906654
rbirthisel@hamiltonmillerlaw.com
**MICHAEL J. BRADFORD**
Florida Bar Number: 184314
mbradford@hamiltonmillerlaw.com
**JONAH M. LEVINE**
Florida Bar Number:  059180
jlevine@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
Tel:  813-223-1900
Fax:  813-223-1933

and

**ROBERT A. CRAVEN**
Florida Bar Number:  341975
r.craven@verizon.net
Law Office of Robert A. Craven
3637 4th St. N., Suite 290
St. Petersburg, Florida, Florida 33704
Tel.:  727-895-5700
Fax:  727-895-5710
*Attorneys and Trial Counsel for*
*Plaintiffs Island Maritime Services, Inc.*
*and Edward K. Hansen*